UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RALPH E. JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:20-CV-103-KAC-DCP |
| ) | |
| DAVID B. RAUSCH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER DISMISSING ACTION

On March 9, 2020, Plaintiff filed this pro se action against Defendant [Doc. 2]. On December 23, 2020, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [Doc. 19]. Plaintiff did not respond to Defendant's motion, and the deadline to do so has long passed. *See* E.D. Tenn. L.R. 7.1. Moreover, it appears that Plaintiff has not advanced this case in any material way since 2020. On August 19, 2021, the Court ordered Plaintiff to show cause "why the matter should not be dismissed under Local Rule 7.2 and Federal Rule of Civil Procedure 41(b)" [Doc. 24 (citing E.D. Tenn. L.R. 7.2 and Fed. R. Civ. P. 41(b))]. The Court gave Plaintiff fourteen (14) days to respond and expressly provided that "[f]ailure to timely respond will result in dismissal of this action." [*Id.* (citing *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001))]. Plaintiff has not responded to the Court's Order to Show Cause, and that deadline too has passed.

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute [an action] or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Steward*, 8 F. App'x at 296. Moreover, Local Rule 83.13 provides that a pro se party must "monitor the progress of the case" and "prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. In addition, under Local Rule 7.2, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. When contemplating dismissal under Rule 41(b),

> a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Steward*, 8 F. App'x at 296 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

On this record, the Court is compelled to dismiss Plaintiff's action. Plaintiff has willfully failed to comply with the Court's Order to Show Cause, failed to prosecute this action diligently, and failed to oppose Defendant's dispositive motion. Defendant has been subject to this lawsuit for more than eighteen (18) months with little to no substantive movement. The Court expressly warned Plaintiff that failure to promptly respond to the Court's Show Cause Order "will result in dismissal of this action" [Doc. 24]. Likewise, this Court's local rules counsel in favor of dismissal here. *See* E.D. Tenn. L.R. 7.2, 83.13. Given Plaintiff's multiple and repeated failures, a less drastic sanction is not appropriate.

2

Accordingly, the Court **DISMISSES** this action **with PREJUDICE** pursuant to Rule 41(b). An appropriate judgment shall enter.

IT IS SO ORDERED.

                                         s/ Katherine A. Crytzer
                                         KATHERINE A. CRYTZER
                                         United States District Judge